UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:11 CR 75 |
| | ) | |
| BRIAN REIDER | ) | |

**OPINION and ORDER**

Defendant Brian Reider is accused of producing, distributing, and possessing child pornography in violation of 18 U.S.C. §§ 2252(a), 2252(a)(2), and 2252(a)(4). (DE # 15.) On April 27, 2012, while represented by attorney Brian Woodward, Reider entered a plea of guilty to Counts 1 and 2 of the Superseding Indictment (production and distribution), which the court accepted. (DE # 25.) Thereafter, Reider chose to proceed *pro se*, and moved to withdraw his plea of guilty. (DE # 75.) After requesting and receiving the appointment of another lawyer, Reider filed a renewed motion to withdraw his plea of guilty through appointed counsel. (DE # 108.)

Federal Rule of Criminal Procedure 11(d)(2)(B) states that a "defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if . . . defendant can show a fair and just reason for requesting the withdrawal." However, the rule "is not a free-swinging backdoor." *United States v. Hodges,* 259 F.3d 655, 661 (7th Cir. 2001). "[A]fter a thorough Rule 11 colloquy, defendants face an uphill battle in demonstrating a fair and just reason." *Id.*

    A.    **Court's Plea Colloquy**

Defendant argues that the court's plea colloquy met the requirements of Federal Rule of Criminal Procedure 11, "with one exception." (DE # 108-1 at 3.) Defendant

argues that he was not informed of the mandatory minimum sentence that applied to him, as required by Rule 11(b)(1)(I). Of course, the court *did* inform defendant of the mandatory minimums applicable to each of the counts to which he was pleading guilty. Specifically, the court stated, at the plea hearing: "For production of child pornography, which is charged in Count One, he faces a mandatory minimum sentence of 15 years imprisonment . . . . And for Count Two, the distribution of child pornography charge, he faces a statutory mandatory minimum sentence of five years imprisonment . . . ." (DE # 42, Tr. 7:12-20.) However, defendant argues that the court failed to inform him that his sentences could run consecutively, meaning he was not actually informed of the possible, overall mandatory minimum that applied to him.

Defendant provides no precedent indicating that the court was required to inform defendant of possibility consecutive sentences. Nor does Rule 11 require it. Further, in two recent opinions, the Seventh Circuit held that "Rule 11 does not require a district court to inform the defendant of *mandatory* consecutive sentencing," *United States v. Molinaro*, 428 F. App'x 649, 653 (7th Cir. 2011) (emphasis added), and "a district court [is] not required to advise [a defendant] that his federal sentence might be imposed to run consecutive to his undischarged state sentence." *United States v. Henry*, 702 F.3d 377, 381 (7th Cir. 2012). It appears logical to conclude that Rule 11 also does not require a district court to inform the defendant of potential consecutive federal sentences, as many other circuits have explicitly held. *See, e.g., United States v. Burney*, 75 F.3d 442, 445 (8th Cir. 1996) (court did not fail to meet demands of Rule 11 when it informed defendant of maximum sentence under each count but did not inform

defendant that sentences might run consecutively); *United States v. Morgan-Garcia,* 69 F.3d 535 (5th Cir. 1995) ("Rule 11 of the Federal Rules of Criminal Procedure does not require the district court to advise defendants that they may receive consecutive sentences."); *Wall v. United States,* 500 F.2d 38, 39 (10th Cir. 1974) (no requirement to tell defendant about possible consecutive sentences if sentences are within maximum sentence stated at Rule 11 hearing); *Paradiso v. United States,* 482 F.2d 409, 415 (3d Cir. 1973) (Rule 11 does not require an explicit admonition by the court that sentences may be imposed consecutively); *United States v. Vermeulen,* 436 F.2d 72, 75 (2d Cir. 1970) (same). Accordingly, defendant's argument is rejected.

> B.  **Consideration**

Defendant also claims that his plea agreement lacked consideration because he gave up much, while the Government gave up little. However, under the plea agreement, the Government promised that in exchange for defendant's guilty plea, it would dismiss Count 3, not bring any more charges, recommend an offense level reduction for acceptance of responsibility, and consider filing a departure motion for substantial assistance. (DE # 22 at 4-5.) These promises constituted sufficient consideration on the Government's part, and defendant's argument is rejected. *United States v. Hare,* 269 F.3d 859, 861 (7th Cir. 2001) (prosecutor's promise to dismiss certain counts and to recommend lower sentence under certain conditions was "plenty of consideration" to make the plea agreement a valid contract); *United States v. Kilcrease,* 665 F.3d 924, 928 (7th Cir. 2012) (prosecutor's promise to consider motion for lower

sentence was sufficient consideration to create valid contract, even though decision to file motion ultimately was left to prosecutor's discretion).

C. **Ineffective Assistance of Counsel**

Defendant also claims that he should be permitted to withdraw his guilty plea because the attorney who represented him at the plea hearing provided ineffective assistance. "Ineffective assistance of counsel can render a plea agreement involuntary, and is therefore a valid basis for withdrawing a guilty plea." *United States v. Lundy*, 484 F.3d 480, 484 (7th Cir. 2007). "To demonstrate ineffective assistance in this context, a defendant must show both that counsel's performance was objectively unreasonable and that, but for counsel's errors, the defendant would not have pled guilty." *Id.*

Defendant essentially presents three arguments that his attorney provided ineffective assistance. First, defendant claims that there is no evidence that counsel for defendant investigated other potential factors that might have merited a sentence outside the guideline range prior to submitting the guilty plea. (DE # 108-1 at 5.) Failure to investigate mitigating circumstances for sentencing purposes can constitute ineffective assistance. *Hall v. Washington,* 106 F.3d 742, 749-50 (7th Cir. 1997). However, defendant's argument in this case has no merit because, based on defendant's argument, the court cannot discern which factors counsel should have investigated. Defendant's argument that his attorney *might* have failed to investigate *potential* factors that *might* merit a sentence outside the guidelines range is simply too tenuous and lacking in substance to overcome the presumption that the attorney acted reasonably. *See Thomas v. Clements,* 789 F.3d 760, 768 (7th Cir. 2015). Further, defendant points to no

4

factors which, had they been investigated, would have led him to plead not guilty, so his argument also fails to establish prejudice.

Defendant's second argument is that his attorney failed to provide good faith advice about the sentence and consequences of his plea. (DE # 108-1 at 6.) Specifically, defendant claims he was assured that he would receive a sentence well below the statutory maximum. However, as defendant admits, the court conducted a full and complete inquiry into defendant's understanding of the agreement and potential sentence, before accepting his plea of guilty. At the plea colloquy, the following exchange took place:

> Q: And, finally, your guideline sentencing range, it's only advisory. It's just one of the many factors that I will consider in determining your ultimate sentence in this case . . . So if your sentence is more severe than what you now expect it to be, you will have no right to withdraw your guilty pleas. Do you fully understand all that?
>
> A: I do, Your Honor.
>
> Q: Has your own lawyer, any government lawyer, any probation officer, any government agent, or anyone else made any prediction prophesy, or promise to you as to what your exact sentence in this case will be?
>
> A: No, they haven't.
>
> Q: And as you sit there right now, do you have a belief as to what your sentence is ultimately going to be?
>
> A: I don't, Your Honor.

(DE # 42, Tr. 17.) The court's explanation of the sentencing process at the plea colloquy removed any possible prejudice of counsel's advice. *United States v. Peterson,* 414 F.3d 825, 826-27 (7th Cir. 2005) (no ineffective assistance of counsel where attorney failed to

apprise defendant of possible sentence, where court discussed subject with defendant during Rule 11 colloquy); *United States v. Martinez,* 169 F.3d 1049, 1054 (7th Cir. 1999) (same); *Ebbole v. United States,* 8 F.3d 530, 534 (7th Cir. 1993) (no ineffective assistance of counsel where counsel allegedly failed to inform defendant that court could consider his entire course of criminal conduct, because defendant was otherwise notified of that fact via plea colloquy and plea agreement itself).

Defendant's third argument is that, based on what his attorney told him, he felt he should not ask questions or make objections at the plea hearing, and that he needed to agree to everything the court stated. However, as the entirety of the transcript of the plea hearing in this case shows (DE # 42), the court thoroughly examined defendant at the plea hearing in order to ensure that he was not confused about the plea agreement or its terms. Accordingly, this argument fails. *United States v. Geiger,* 847 F. Supp. 613, 620 (N.D. Ill. 1994) (defendant's allegations that counsel was ineffective when he instructed defendant to "to say 'yes' to all the questions put forth by the court or he would not 'get the deal'" was frivolous and without merit); *United States v. Vasquez,* No. 94 C 3361, 1994 WL 735477, at *2-3 (N.D. Ill. Oct. 4, 1994) (defendant's argument that counsel rendered ineffective assistance because he pressured petitioner, coached him on the answers to give the court, and did not fully explain the implications of waiving a jury trial failed because court fully and clearly apprised petitioner of his rights and waiver with the aid of an interpreter).

### D. Lack of Medications

Defendant's final argument is that he did not knowingly or voluntarily plead guilty because he was not on proper medications to address his psychological issues during the plea hearing. Though defendant appeared to understand the proceedings at the time they occurred, the court nonetheless takes this argument seriously. However, the Seventh Circuit, after examining a similar argument, held: "To make a case for being permitted to withdraw his guilty plea when the judge's inquiries at the plea hearing had been adequate and had revealed no impairment of the defendant's ability to think, the defendant needs to present the affidavit of a qualified psychiatrist." *United States v. Hardimon,* 700 F.3d 940, 944 (7th Cir. 2012). Because defendant has not provided the bare minimum of required evidence on this issue as stated in *Hardimon*, his motion is denied at this time.

For the foregoing reasons, defendant's Motion to Withdraw Plea of Guilty (DE # 108) is **DENIED.** Defendant's related Motion for Hearing (DE # 112) is **DENIED** as moot.

**SO ORDERED.**

Date: January 21, 2016

 s/ James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT