UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

UNITED STATES OF AMERICA
      Plaintiff,

v.                            CASE NUMBER: 2:11 CR 75

BRIAN REIDER
      Defendant

## SENTENCING MEMORANDUM

Brian Reider is a fifty-five year old man who has been incarcerated for more than six years on the pending charges. On April 27, 2012 Mr. Reider pled guilty to two counts of three count superseding indictment, specifically production of child pornography and distribution of child pornography. At the time of his plea, Mr. Reider admitted that he had sexual contact with a minor child, called John Doe for purposes of this case. Mr. Reider had produced a video of the child masturbating but did not share that video with any other individuals.

Mr. Reider insists that John Doe was fourteen at the time of the sexual contact. He acknowledges that the government has produced a redacted birth certificate showing the on September 13, 2009 John Doe would have been twelve years old. The police reports on this case indicate that John Doe was in eighth grade which would have indicated that he was fourteen. The difference in age makes no difference to the guideline calculation, however. Mr. Reider had known John Doe for about two years before the contact occurred. Whether John Doe was twelve or fourteen at the time of the contact, Mr. Reider's guideline range remains the same. Mr. Reider has raised several objections to the guideline range in his Presentence Report.

**Objections**

**Page 7, paragraph 28**    Mr. Reider admits soliciting John Doe to engage in sexually explicit conduct, but he did so in person not by use of a computer.  As indicated in the government's version of the offense, John Doe contacted Brian Reider via MySpace and agreed to provide the explicit material in exchange for bike parts.  Mr. Reider only responded to John Doe's acceptance of the offer Mr. Reider had made in person.

**Page 8, paragraph 34**    Although Mr. Reider does not dispute that the government indicated he had possessed several videos of boys under the age of twelve engaging in sexually explicit conduct at his plea hearing, he does not recall that at the present time.  He did not view all of the materials on his hard drive and is unaware that any of the images would have included boys under the age of twelve.

**Page 8, paragraph 35**    Mr. Reider recalls discussing means of acquiring child pornography with investigating agents, but he never indicated that he did distribute or share any images in exchange for other child pornographic material.  The Seventh Circuit has held that application of this enhancement requires knowledge by the defendant that he "knowingly" distributed or that he is aware that downloaded files may be available to others.  *United States v. Robinson*, 714F. 3d 466 (7th.Cir. 2013).  The Commission has amended this guideline effective August 1, 2016 to clarify that it only applies when a defendant knowingly engaged in distribution.

**Page 8, paragraph 36**    Mr. Reider objects to the four level increase in his guideline range for material that portrays sadistic or masochistic conduct.  In support of this characteristic, the government and probation cite an image possessed by the defendant in which a naked minor, prepubescent boy is seen being anally penetrated by the penis of an adult male.  The government

has cited *United States v. Meyers*, 355 F. 3d 1040 (7th Cir. 2004) in which the Seventh Circuit held that a video depicting an adult male engaging in vaginal intercourse with a child aged five to eight qualified for this enhancement as such activity would have been painful to the child. Although the government indicates that the image found on Mr. Reider's computer the boy was prepubescent, there is no indication as to how this was determined or the approximate age of the child.

The Sixth Circuit undertook an extensive analysis of this characteristic in *United States v. Cover*, 800 F 3d. 275 (6th Cir. 2015). That case involved an image of an eleven to thirteen year old female engaging in oral to genital intercourse with a male. *Id*. at 279. The reviewing court considered the meaning of sadism: "the infliction of pain on a love object is a means of obtaining sexual release." *Webster's Third New International Dictionary* 1997-1998 (2002). The court referred to earlier decision in *United States v. Corp*, 668 F. 3d 379 (6th Cir. 2012) which explained:

> [T]he court must consider what the material an issue actually portrays rather than making subjective determinations about the thoughts or intentions of the specific individuals being depicted. In other words, whether an adult in the image is in fact intending to inflict physical or mental pain and whether the minor in fact experiences such pain are immaterial. Rather, the court must determine, based on the contents within the four corners of the image, whether the circumstances being portrayed are such that an outsider would perceive them depicting the infliction of pain or humiliation on the minor. In short, we hold that in order to apply the §2G2.1(b)(4) enhancement, a sentencing court must determine by preponderance of the evidence that an image of material (1) depicts sexual activity involving a minor and (2) portrays conduct which would cause an objective viewer to believe – without regard to the undepicted circumstances of the sexual encounter – that the pictured activity is inflicting physical pain, emotional suffering or humiliation on that minor.

*Id*. at 389-90.

As with all enhancements, the burden is on the government to demonstrate sadistic or masochistic conduct.

**Page 8, paragraph 37**   Mr. Reider objects to the five level increase in his guideline range for engaging in a pattern of activity. All of the information used to establish the pattern came from Mr. Reider during his proffer session. There is no independent evidence regarding any of the information provided by Mr. Reider.

Mr. Reider did not understand at the time of the proffer session that the information could be used against him in the future to increase his sentence.

**Page 9 paragraph 48**   Application of this guideline calls for an additional five level increase for pattern of activity involving prohibited sexual conduct. Mr. Reider objects to this application for the same reasons as he objects to the enhancement pursuant to U.S.S.G. §2G2.2(b)(5). Additionally, basing this enhancement on the same conduct as the earlier enhancement constitutes double counting.

Mr. Reider acknowledges that the Forth Circuit has held that this application does not constitute double counting. *United States v. Dowell*, 771 F. 3d 162 (4th Cir. 2014). He does not believe that the Seventh Circuit or the United States Supreme Court has ruled on this issue, however. Application of this enhancement under both levels results in a ten level increase in Mr. Reider's guideline range. Without these two enhancements, Mr. Reider's offense level would be 38 and his guideline range 235-293 months.

Mr. Reider acknowledges that the opinion of the Seventh Circuit in *United States v. Vizcarra*, 668 F. 3d 516 (7th Cir. 2012) holds that double counting is impermissible only when the text of the applicable guideline says so. Mr. Reider believes that that case is factually distinguishable from his in that *Vizcarra* dealt with a kidnapping charge and a guideline enhancement for demanding a ransom. For a kidnapping charge, not every kidnapping includes

a demand for ransom.  In Mr. Reider's case, exactly the same pattern of sexual activity was used for both enhancements.

Mr. Reider also contends that a sentence of the statutory maximum of fifty years would violate the Eighth Amendment's prohibition against cruel and unusual punishment.  The United States Supreme Court's precedents consider punishments challenged "not as inherently barbaric but as disproportionate to the crime.  The concept of proportionality is essential to the Eighth Amendment.  Embodied in the Constitution's ban of cruel and unusual is the "precept of justice that punishment for a crime should be graduated and proportioned to the [offense]".  *Graham v. Florida*, 560 U.S. 48, 59 (2010) citing *Weems v. United States*, 217 U.S. 349, 367 (1910).  In *Graham*, the Supreme Court reminded trial courts of the essential principle that, under the Eighth Amendment, the state must respect the human attributes even those who have committed serious crimes.  *Id*.

Review of proportionality of sentences falls within two general classifications.  The first involves challenges to the length of term of year's sentences given all circumstances in a particular case.  Mr. Reider concedes that in its Sentencing Memorandum, the government has cited numerous cases which would demonstrate that a sentence of fifty years would not be considered disproportionate under the first category.  Mr. Reider contends that a sentence of fifty years would violate the second classification of cases, using categorical rules to define Eighth Amendment standards.  Although previous cases under this classification involved the death penalty, in *Graham*, the United States Supreme Court held that a sentence of life without parole for a probation violation against a defendant who was on probation for crimes he had committed while a juvenile violated the Eighth Amendment.  *Id*.

Although sentencing guidelines are typically developed by the United States Sentencing Commission using an empirical approach based on data about past sentencing practices, the commission did not use an empirical approach when formulating the guidelines for child pornography. At the direction of congress, the Sentencing Commission has amended the guidelines under §2G2.2 several times since their introduction in 1997, each time recommending harsher penalties. Many of the enhancements under this section are virtually meaningless in that the vast majority of cases qualify for most of the enhancements. In 2009, 97.2% of the sentences under §2G2.2 involved a computer; 73.4% involved an image depicting sadistic or masochistic conduct or other forms of violence and 63% involved six hundred or more images. See *United States Sentencing Commission, Guidelines Specific Offense Characteristics for Fiscal Year 2009*. These enhancements add up to thirteen levels to an already artificially high base offense level for Mr. Reider.

Although sentencing guidelines indicate that a life sentence for Mr. Reider is appropriate, this is but one factor that the court must consider when determine an appropriate sentence. Of primary importance is the directive of 18 U.S.C. §3553 that the court impose a sentence sufficient, but not greater than necessary, to comply with more specific purposes. First, the sentence must reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. Mr. Reider's offense is admittedly severe, but a review of the cases indicates that he is not among the most severe offenders.

When questioned by law enforcement, Mr. Reider admitted the facts of the offense with which he was charged in that he traveled to Illinois to take sexual photographs of a twelve year old victim and transported those images back to Indiana. He also had inappropriate sexual contact with that individual. All evidence of additional contact with minor children came from

Mr. Reider's admission that he had inappropriate contact with the four minors and had surreptitiously filmed other boys in his shower.

The facts in most of the cases cited by the government in its Sentencing Memorandum are more egregious. In *United States v. Noel*, 581 F. 3d 490 (7th Cir. 2009) the defendant had taken many sexually explicit photos while babysitting his step-brother's child over a period of years while the child was less than ten years old. In *United States v. Reibel*, 688 F. 3d 868 (7th Cir. 2012) (per curium) the defendant had molested his girlfriend's three year old daughter and taken photographs. In *United States v. Boroczk*, 705 F. 3d 616, 622, 623 (7th Cir. 2013) the defendant had created images of his three to five year old daughter and two year old son engaging in sexual activity. The defendant also demonstrated a lack of remorse in that case. The case of *United States v. Chapman*, 694 F. 3d 908 (7th Cir. 2012) involved filming and photographing multiple victims over years without their knowledge.

The most egregious facts are in *United States v. Bour*, 804 F. 3d 880 (7th Cir. 2015) in which the defendant molested a four to eighteen-month-old girl and photographed her four-year-old sister and *United States v. Eckstrom*, 626 Appx. 640 (7th Cir. 2015) in which the defendant filmed and distributed a sexual relationship he had with his daughter which lasted more than four years.

The second factor the court must consider is to provide adequate deterrence to criminal conduct for both the defendant and other individuals. Mr. Reider faces a minimum sentence of fifteen years. If the court were to impose the minimum sentence, Mr. Reider would not be eligible for release until he is in his early sixties and therefore his risk of recidivism would be reduced. The U.S. Parole Commission has long included age as part of its salient factor score

because of the validated predictor or recidivism risk. [1] More recently, the Commission has identified increased age as a powerful predictor of reduced recidivism that was not included in the guidelines. [2] As reported by the commission, "recidivism rates decline relatively consistently if age increases," from 35.5% for offenders under age 21, down to 12.7% for offenders forty-one to fifty, and down to 9.5% for offenders over age fifty. [3] Mr. Reider concedes that a longer sentence might deter other potential offenders, but believes that a sentence of fifteen years based on his conduct is sufficient deterrence. Counsel for Mr. Reider is unaware of any scientific evidence showing that a sentence harsher than fifteen years would have greater deterrent effect on potential sex offenders.

The third factor is to protect the public from further crimes by Mr. Reider. As indicated, Mr. Reider will be in his early sixties at the time of his earliest possible release which indicates a lower rate of recidivism. In addition, Mr. Reider will be on supervised release for an additional twenty years. A released offender can be monitored for unlawful use of the internet and prohibited from living in a house with children and having unsupervised contact with children. Counsel for Mr. Reider is unaware of any cases in which an offender of lifetime supervision has violated that supervision by producing or possessing child pornography.

---

[1]   USSC, A Comparison of the Federal Sentencing Guidelines Criminal History Category and the U.S. Parole Commission Salient Factor Score 1, 8 & n.29 (2005).

[2]   *Id*. at 8, 13-15

[3]   USSC, *Measuring Recidivism, supra*, n.16, at 12 & Exhibit 9.

The final factor for the court to consider is providing Mr. Reider with needed education or vocational training, medical care or other correctional treatment in the most effective manner. Mr. Reider does have mental health issues which were not addressed until his incarceration in this case. The prescribed medication has helped control the symptoms of Mr. Reider's bipolar and anxiety disorder. His history of substance abuse indicates that Mr. Reider may have attempted to self-medicate his mental conditions which had not been diagnosed until his incarceration. As indicated in his Presentence Report, he informed the officer that was willing to undergo an evaluation and treatment services to help him stay substance free in the future. Mr. Reider acknowledges the benefit of his current program of counselling and medication and the need to remain in a similar program in the event of his release.

**Variances**

Mr. Reider believes that there are several additional considerations which support a below guideline sentence for him. During his interview with law enforcement at the time of execution of the search warrant, he cooperated by providing usernames and passwords. He admitted his involvement with the boy who was subject of the investigation. Mr. Reider's guideline range has increased significantly as a result of information he provided. As stated previously, his guideline range is increased ten levels due to a pattern of activity. Mr. Reider provided all of the information upon which the Presentence Report relies to establish that pattern.

Mr. Reider has received no benefit as a result of his cooperation. Even with the three point reduction for acceptance of responsibility, Mr. Reider remains at the highest offense level for which the guidelines indicate a sentence of life imprisonment.

An additional basis for variance is the fact that Mr. Reider had been sexually abused when he was approximately nine or ten years old. This abuse was kept secret until after Mr.

Reider's arrest which meant that it was never addressed by the family, or in counselling or therapy sessions.

Mr. Reider's physical condition is poor. He had an MRI on his right knee in 2011 which indicated that he needed knee replacement surgery which will not be performed while he is in the custody of the Bureau of Prisons. He has screws and a metal plate in his left foot and suffers from arthritis in his back. Both of his elbows have been fractured and he is in almost constant pain. During the time of his incarceration, Mr. Reider has had many of his teeth pulled but does not have dentures at the present time.

The Forensic Report prepared by the Bureau of Prisons found that Mr. Reider suffers from Bi-polar II disorder, anxiety, and substance use. The diagnosis of pedophilia was ruled out. As of the time of his plea hearing, he had not been prescribed medication to treat these symptoms. Mr. Reider now receives a regular dose of lamoTRIgine and venlaxlafine to treat his symptoms. This has assisted Mr. Reider in managing his anxiety and emotional highs and lows caused by his Bi-polar disorder.

As a final basis for variance, Mr. Reider points to the unusual delay in his sentencing. He acknowledges that he has been responsible for some of the delay due to his requests to remove prior counsel. Pursuant to Federal Rules of Criminal Procedure, Rule 32, the court should examine the circumstances to determine whether there has been unnecessary delay. Mr. Reider has suffered additional anxiety due to the delay in this case.

**Restitution**

Mr. Reider is willing to make restitution to any victims in this case should he ever be released from prison at an age which he is capable of obtaining gainful employment. Mr. Reider

would prefer that restitution go first to any direct victims of his conduct although he does not believe that any requests have been received at this time.

Based upon an examination of the artificially high guidelines for production and distribution of child pornography as well as the mandatory factors for court consideration pursuant to 18 U.S.C. §3553, Mr. Reider believes that a sentence of fifteen years is sufficient but not greater than necessary in this case. In addition, Mr. Reider agrees to an additional term of supervised release for twenty years to further the risks of recidivism.

Respectfully submitted,

*/s/P. Jeffrey Schlesinger*
P. Jeffrey Schlesinger
Attorney for Reider
8396 Mississippi Street
Suite G
Merrillville, IN 46410
(219)736-5555

## CERTIFICATE OF SERVICE

I certify that in the 16th day of May, 2016, service of a true and complete copy of the Sentencing Memorandum was served upon all parties via the CM/ECF system which sent notification of such filing to the following:

Jill Koster

*/s/P. Jeffrey Schlesinger*
P. Jeffrey Schlesinger
Attorney for Reider
8396 Mississippi Street
Suite G
Merrillville, IN 46410
(219)736-5555